UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>OSVALDO VASQUEZ, aka "CHU CHU", )<br>aka, ANTHONY CHRISTOPHER, )<br>JOSE FEDERICO VASQUES, aka )<br>"EL COMPADRE", aka JOSE LUGO )<br>aka ORLANDO COLON, aka ORLANDO )<br>BONILLA, aka JOSE FEDERICO )<br>VASQUEZ POLANCO, HUGO )<br>SANTANA-DONES, aka "RAFFI" aka )<br>RAFAEL VENTURA, aka HUGO )<br>SANTANA, aka WILTHRON FLORES, )<br>FELIX MELENDEZ, aka "FELO", )<br>aka, "FELITO", and ELVIS GENAO, aka )<br>"COCOLO" )<br>)<br>Defendants )<br>) | Criminal No. 15-40037-TSH |

## FINDING AND ORDER ON DEFENDANTS' MOTION TO SUPPRESS EVIDENCE OBTAINED BY INTERCEPTION OF WIRE COMMUNICATIONS

The Defendants jointly move to suppress evidence obtained from a wiretap authorized under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et.seq. ("Title III").[1] The Defendants assign as reason for the suppression that the affidavit in support of the application for the wiretap failed to demonstrate that "normal investigative procedures had

---

[1] The Defendant Jose Frederico Vasquez moved to suppress the wiretap evidence separately (Document # 73). His motion was not filed timely, but since he raises the same issues I will decide his motion as well.

been tried and had failed, or reasonably appear to be unlikely to succeed if tried, or to be too dangerous," 18 U.S.C. § 2518(1)(c).

The affidavit in support of the application for the Title III details the investigative methods used by the authorities in advance of the Title III request. These methods included obtaining information from two confidential informants, physical surveillance, numerous controlled purchases of heroin, pen registers, and phone analysis.

The Defendants primarily fault the Government for not exhausting their successful use of Confidential Source 1 ("CS1"). While CS1 provided significant assistance to the Government, that assistance standing alone was insufficient to meet the goals of the investigation. Affiant Boyle explains in the affidavit that CS1 was not privy to "the identity of the source of supply, methods of delivery, or the intended transportation route, the largest distribution network of the DTO, or the methods of money laundering used by the DTO. . ."

The affidavit sought the assistance of the wiretaps specifically because CS1 could not provide details of the scope of the Osvaldo DTO, and that allowing CS1 to distribute drugs and money on behalf of the DTO would be dangerous and jeopardize the investigation. Attempting to infiltrate a drug trafficking organization is unquestionably dangerous work "[I]n the murky world of drug dealing . . . snitching is dangerous work, and informants literally put their lives on the line by doing what they do." U.S. v Mills 710 F3rd 5, 13 (1st Cir. 2013).

The affidavit also provides specific and concrete examples of the limitations and dangers of physical surveillance. Special Agent Boyle carefully catalogued the information obtained using physical surveillance. While the authorities were successfully able to surveil Osvaldo Vasquez

during controlled purchases, and able to photograph and identify customers, assets, and vehicles, these techniques were of limited value. Special Agent Boyle details these limitation by relating examples of evasive action taken by the DTO and the constant caution demonstrated by the organization. These examples included Osvaldo being able to specifically identify surveillance vehicles and changing meeting locations at the last minute.

I find that the investigative efforts of the Government complied with the "necessity" requirement and that the affidavit demonstrates that the Government made a reasonably good faith effort to run the gambit of normal investigative procedures before resorting to electronic surveillance. U.S. v. Villarman-Ovaido 325 F3rd, 1, 9 (1st Cir. 2003) quoting U.S. v. Hoffman 832 F2nd 1299, 1306-1307 (1st Cir. 1987). Accordingly, the Defendants Motion to Suppress is **denied**.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE